No. 95-149

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN THE MATTER OF THE PATERNITY OF
ADAM ANDREW DUERSCHMIDT KOCHIS,
A Minor Child.

WAYLAND DUERSCHMIDT,

        Petitioner and Appellant,

  and

MARLA KOCHIS,

        Respondent and Respondent.

FILED

OCT 31 1995

*[signature]*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Wayland R. Duerschmidt, Pro Se, Plains, Montana

        For Respondent:

        Paulette C. Ferguson, Missoula, Montana

Submitted on Briefs:  September 21, 1995

Decided:  October 31, 1995

Filed:

_____
         Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Wayland Duerschmidt appeals the decision of the Fourth Judicial District Court, Missoula County, establishing Marla Kochis's child support obligation. We affirm.

The sole issue is whether the District Court abused its discretion in determining Marla Kochis's child support obligation.

Wayland and Marla are the parents of Adam Kochis. The District Court granted Wayland custody of Adam, and Wayland sought child support from Marla. The parties were unable to agree on a suitable amount for the child support obligation. After the Child Support Enforcement Division (CSED) and a Special Master failed to determine an agreeable child support obligation, Wayland and Marla agreed to have Ann Steffens, a CSED employee whom they retained in her private capacity, determine Marla's child support obligation.

Steffens reviewed the available financial information and completed her child support obligation calculations. She submitted her report to the District Court on September 14, 1994. Following a hearing on the matter, the District Court accepted Steffens's calculation of Marla's support obligation.

Wayland argues on appeal that Marla's support obligation was based on incomplete financial information. He insists that Marla constantly refused to submit sufficient financial information concerning a business owned by herself and her husband. He therefore argues that the District Court erred in adopting Steffens's calculation of child support.

We review a district court's award of child support to determine if the court abused its discretion. In re the Marriage of Craib (1994), 266 Mont. 483, 490, 880 P.2d 1379, 1384. A review of the record reveals that Steffens had access to and examined substantial financial records as to Marla personally and as to her business. In her report to the court, Steffens stated, "I was provided with tax returns, bank statements, ledger sheets, work papers, etc, for the corporation . . . ." The District Court record also indicates that Wayland failed to present any evidence through testimony or otherwise which would warrant further investigation of Marla's corporate finances.

We conclude that Steffens's child support calculations were based on sufficient, reliable financial information. We therefore hold that the District Court did not abuse its discretion in its award of child support. We affirm the District Court's decision.

/s/ J. A. Turnage
Chief Justice

3

We concur:

_____

Karla M. Gray
_____

Terry Trieweiler
_____

William E. Hunt Sr.
_____
Justices

4